■ Daniel J. Byrne, Respondent-Appellant, et al., Plaintiffs, v Harry V. Keefe, Jr., Appellant-Respondent, et al., Defendants. Dale F. Jacobs, Respondent-Appellant, v Harry V. Keefe, Jr., Appellant-Respondent, et al., Defendants. [629 NYS2d 764] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered August 15, 1994, upon a jury verdict which found that defendant-appellant-cross-respondent had breached his fiduciary duty and awarded each of plaintiffs, Daniel J. Byrne and Dale F. Jacobs, damages in the amount of $3,121,849.04, and upon a decision of the trial court, dated March 31, 1994, which granted defendant's motion to set aside the award of punitive damages, unanimously modified, on the law, to reverse that portion of the judgment setting the amount of damages, and the matter remanded for a new trial solely as to damages, and otherwise affirmed, without costs.

The jury's finding that defendant Harry Keefe, Jr. breached his fiduciary duty to plaintiffs, his former partners, which necessarily was based on a finding that the partnership did not terminate until April 30, 1991, was not against the weight of the evidence and will not be disturbed by this Court.

However, there must be a new trial solely on the issue of damages, as the jury's computation of damages by apparent reference to each plaintiff's percentage of the full value of the partnership at the time of its termination did not accurately reflect the damages necessary to compensate the plaintiffs for the profits that plaintiffs would have made but for the defendant's wrong (*McRoberts Protective Agency v Lansdell Protective Agency*, 61 AD2d 652). Since the partnership was

terminable at will, defendant cannot be held liable for ending his own participation even if it caused the termination of the partnership. Instead, damages should have been computed solely with reference to the then present value, including opportunities for profit, to the partnership of any accounts which were actually solicited by defendant for his new business during his partnership relationship with plaintiffs and which were successfully diverted to that new business.

Finally, we agree with the IAS Court that plaintiffs did not satisfy their burden of demonstrating that defendant's conduct was of such an egregious nature as to warrant an award of punitive damages. Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Williams, JJ.